NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Danielle F.[1], <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Civil Action No. 23-4241 (GC) <br><br> **MEMORANDUM ORDER** |

CASTNER, District Judge

**THIS MATTER** comes before the Court upon Plaintiff's counsel Joshua S. Gohari's Motion for Attorney's Fees pursuant to 42 U.S.C. § 406(b) of the Social Security Act. (ECF No. 14.) The Commissioner filed a response, and Plaintiff's counsel replied. (ECF Nos. 16, 17.) The Court has carefully reviewed Plaintiff's submission and decides the matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, and other good cause shown, the Motion is **GRANTED**.

I.    BACKGROUND

On December 15, 2023, the Court entered a Consent Order reversing and remanding the Social Security Administration's (SSA) final decision denying Plaintiff's application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 423. (ECF No. 10.) On February 21, 2024, the Court entered a Consent Order submitted by the parties awarding counsel

---

[1]    The Court identifies Plaintiff only by first name and last initial. *See* D.N.J. Standing Order 2021-10.

$7,000.00 in attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1)(A).  (ECF No. 13.)  The EAJA award was made "in full satisfaction of Plaintiff's request for the payment of fees, costs, and other expenses, made pursuant to 28 U.S.C. § 2412." (*Id.*)

On remand, Plaintiff "was approved for Social Security Disability benefits" and was awarded past-due benefits totaling $190,276.  (ECF No. 14-5 at 6.[2])  On February 19, 2026, Plaintiff's counsel received a letter from the SSA informing him that $47,569, totaling 25 percent of the past-due benefits, was withheld from that amount "in anticipation of direct payment of an authorized attorney's fee."[3]  (ECF No. 14-3; ECF No. 14-5 at 7.)

On February 27, 2026, counsel moved for attorney's fees pursuant to 42 U.S.C. § 406(b) in the amount of $30,600.[4]  (ECF No. 14.)  Counsel argues that the fee request is reasonable because "Plaintiff and her children recouped $190,276 in denied past-due benefits."  (ECF No. 14-5 at 12.)  Attached to counsel's Motion is an itemization of services rendered to Plaintiff, which reflects 30.6 hours expended by counsel on this action.  (ECF No. 14-4.)  Counsel also submits a June 28, 2023 contingency fee agreement between Plaintiff and counsel indicating that Plaintiff agreed to a fee equaling twenty-five percent of any past-due benefits.  (ECF No. 14-2.)

---

[2]     Page numbers for record cites (*i.e.*, "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

[3]     Plaintiff hired counsel in June 2023, after Plaintiff was denied benefits, and Plaintiff's counsel filed the challenge that was the subject of this action.  (ECF No. 14-5 at 5-6.)  As such, Plaintiff's counsel "did not represent Plaintiff during the administrative processing of her application before the Social Security Administration" and thus did not receive the Notice of Award.  (*Id.* at 6.)

[4]     Given that a $7,000.00 EAJA fee was already awarded by this Court, counsel states that "[t]he EAJA award must be given to Plaintiff, if the instant section 406(b) award is larger."  (ECF No. 14-5 at 7.)

## II.    DISCUSSION

The attorney's fees provision of the Social Security Act provides as follows:

> Whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

42 U.S.C. § 406(b)(1)(A).

Contingent fee arrangements are "the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).  The Social Security Act "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.*  There is one firm "boundary line: [a]greements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits . . . .  Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.*  To determine whether a fee award is reasonable, courts within the Third Circuit "have considered the amount of time spent on the case, the result achieved, the experience of counsel, the nature of contingent fees and the risk of non-recovery, counsel's typical hourly rate, the EAJA fee previously requested, and whether the attorney is responsible for any unreasonable delays in the proceeding." *Leak v. Comm'r of Soc. Sec.*, Civ. No. 11-51, 2017 WL 5513191, at *1 (D.N.J. Nov. 17, 2017) (collecting cases).  While a litigant may be awarded fees under both the EAJA and the Social Security Act, "the claimant's attorney must refund to the claimant the amount of the smaller fee . . . up to the point the claimant receives 100 percent of the past-due benefits." *Gisbrecht*, 535 U.S. at 796 (internal quotation marks and citations omitted).

3

Here, counsel seeks $30,600, which is less than the maximum contingent fee of $47,569, for 30.6 hours spent litigating Plaintiff's case. Having considered the relevant factors, the Court finds that the requested fee award is reasonable. Counsel obtained a favorable result for his client, as a Consent Order reversed and remanded the SSA's earlier decision, and Plaintiff eventually received $190,276 in past-due benefits. And based on the Court's review of counsel's itemized invoices (ECF No. 14-4) and other awards upheld by courts, the Court agrees that counsel's imputed hourly rate ($1000) and the total contingency fee ($30,600) are also reasonable. *See, e.g.*, *Kathleen G. v. Comm'r of Soc. Sec.*, Civ. No. 17-5413, 2025 WL 1456784, at *2 (D.N.J. May 21, 2025) (finding a contingent fee award of $40,000 and an imputed hourly rate of $1043.02 reasonable); *Wells v. Comm'r of Soc. Sec.*, Civ. No. 20-10259, 2024 WL 447768, at *2-3 (D.N.J. Feb. 6, 2024) (finding a contingent fee award of $30,000 and an imputed hourly rate of $1,056.34 reasonable); *Acosta v. Comm'r Soc. Sec.*, Civ. No. 22-1454, 2022 WL 1598947, at *1 (3d Cir. May 20, 2022) (affirming a contingent fee award of $18,303.25 and an imputed hourly rate of $1,070.37); *Padgett v. Colvin*, Civ. No. 20-12082, 2024 WL 5264247, at *1 (D.N.J. Dec. 30, 2024) (finding a contingent fee award of $47,800.75 and an imputed hourly rate of $531.20 reasonable); *Mignone v. Comm'r of Soc. Sec.*, Civ. No. 13-6054, 2018 WL 259949, at *2 (D.N.J. Jan. 2, 2018) (finding a contingent fee award of $29,500.00 and an imputed hourly rate of $850.14 reasonable).

Counsel also had over ten years of experience representing claimants in social security matters at the time of the instant representation, (ECF No. 14-5 at 13), which weighs in favor of granting the award. Moreover, counsel took the representation on a contingency basis, so there was a risk of non-recovery. (ECF No. 14-5 at 11-12.) *See Rossi v. Comm'r of Soc. Sec.*, Civ. No. 19-08544, 2023 WL 6533488, at *1 (D.N.J. Oct. 6, 2023) (noting that a "higher contingency fee is reasonable given the risk of non-recovery if [the p]laintiff's claims were unsuccessful"). Finally,

4

there is no evidence of delay or other factors that convince the Court it is necessary to reduce counsel's award.

Accordingly, the Court finds that, on balance, the present contingent fee arrangement comports with § 406(b) and is reasonable. The Court will award counsel the $30,600 award sought and will order counsel to remit to Plaintiff the prior award made under the EAJA.

## III.   **CONCLUSION & ORDER**

For the foregoing reasons, and other good cause shown,

**IT IS** on this 5th day of March, 2026, **ORDERED** as follows:

1. The Clerk's Office is directed to **REOPEN** this case for purposes of ruling on this Motion.

2. The Motion for Attorney's Fees (ECF No. 14) is **GRANTED**.  Joshua S. Gohari is awarded attorney's fees under the Social Security Act, 42 U.S.C. § 406(b), in the amount of $30,600 (or 25% of past-due benefits due to Plaintiff by reason of this Court's judgment, whichever is less).

3. Counsel shall remit to Plaintiff the $7,000.00 in attorney's fees previously awarded (*see* ECF No. 13) under the Equal Access to Justice Act, 28 U.S.C. § 2412.

4. Counsel is directed to provide a copy of this Memorandum Order to Plaintiff within five (5) business days.

5.  The Clerk's Office is directed to **TERMINATE** the Motion pending at ECF No. 14.

6.  The Clerk's Office is directed to **RECLOSE** this case.

GEORGETTE CASTNER
UNITED STATES DISTRICT JUDGE

6